UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FT EXPRESS,

       Appellant,                              Case No.  3:12-cv-393

vs.

                                        Judge Timothy S. Black

JAMES F. CONLEY,

       Appellee.

**ORDER OF DISMISSAL**

This civil action is before this Court on appeal from the bankruptcy court.  (Doc. 1).  Pursuant to the briefing schedule, Appellant was required to file an appellant brief by December 10, 2012.  (Doc. 4).  Appellant requested a 30 day extension to file the brief until January 10, 2013, which was granted.  (Doc. 5).  Subsequently, Appellant requested another extension until January 31, 2013.  (Doc. 7).  Appellee opposed the extension. The Court granted Appellant's extension, but expressly noted that "no additional extensions will be granted."  (1/16/13 Notation Order).  Despite the Court's admonition, on January 31, 2013, Appellant filed another motion for another extension of time of an additional 21 days .  (Doc. 8).  The Court denied the motion, but gave Appellant an additional four days, until February 4, 2013, to file the brief.  The Court warned that "failure to abide by this Order may result in dismissal of the appeal."  (2/1/13 Notation Order).  Still, Plaintiff failed to comply with the Court's Order and requested yet another extension of 48 hours, until February 6, 2013, which the Court granted.  (Doc. 9).

Plaintiff failed to timely file the appellant brief on February 6, 2013 as required and did not request any further extensions.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." *See Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363. A district court therefore "must be given substantial discretion in serving these tasks." *Id.* Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-38 (6th Cir. 2008).[1]

The Sixth Circuit has identified four factors that are considered in reviewing a court's dismissal for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer*, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive…a case is properly dismissed by the district

---

[1] *See also Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (identifying the "competing concerns" that guide a court's decision to dismiss an action for failure to prosecute as follows: "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims," and, "[o]n the other hand[,]…the policy which favors disposition of cases on their merits").

court where there is a clear record of delay or contumacious conduct."  *Knoll*, 176 F.3d at 363.

Despite *four* extensions of time, and repeated warnings that no additional extensions would be entertained, Appellant failed to file the appellant brief as required. Appellant willfully disregarded multiple Orders of this Court to timely file the appellant brief.  For example, despite express language that "no additional extensions will be granted," counsel nonetheless filed two additional motions for extension of time. Moreover, counsel was warned that "[w]hile the Court prefers to decide cases on the merits, failure to abide by this Order may result in dismissal of the appeal."  (2/1/13 Notation Order).

Accordingly, Appellant's bankruptcy appeal is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders.

**IT IS SO ORDERED**.

Date:  2/7/13                                                    *s/ Timothy S. Black*
                                                                Timothy S. Black
                                                                United States District Judge