UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FT EXPRESS,  　　　　　　　　　　　　　　　Case No. 3:12-cv-393
　　Appellant,　　　　　　　　　　　　　　　Judge Timothy S. Black

vs.

JAMES F. CONLEY,
　　Appellee.

**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO ACCEPT BRIEF INSTANTOR (Doc. 15)**

This civil action is before this Court on appeal from the bankruptcy court. (Doc. 1). Pursuant to the standard briefing schedule, Appellant was required to file an appellant brief by December 10, 2012. (Doc. 4).[1]

Appellant requested a 30 day extension to file the brief until January 10, 2013, which request the Court granted. (Doc. 5). Subsequently, Appellant requested another extension until January 31, 2013. (Doc. 7). Appellee opposed the extension. The Court granted Appellant's extension, but expressly noted that "no additional extensions will be granted." (1/16/13 Notation Order).

Despite the Court's admonition, on January 31, 2013, Appellant filed yet another motion for extension of time. (Doc. 8). The Court denied the motion, but gave Appellant an additional 4 days (until February 4, 2013) to file the brief. The Court warned that "failure to abide by this Order may result in dismissal of the appeal." (2/1/13 Notation

---

[1] The standard briefing schedule provides that Appellant shall have 14 days to file its brief; Appellee shall then have 14 days to file its brief; and then Appellant shall have 14 days to file its reply brief. The three days for mail service are included within the 14 days. This standard briefing schedule permits the district court to resolve expeditiously all appeals from the bankruptcy court.

Order). Still, Plaintiff failed to comply with the Court's Order and requested yet another extension, of two more days (until February 6, 2013), which request the Court again gratuitously granted. (Doc. 9).

Inexplicably, Appellant failed to timely file the brief on February 6, 2013 as required and did not request any further extensions.[2]

On February 7, 2013, this Court dismissed the action and entered Judgment pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders. (Docs. 10, 11).

More than three weeks later, Appellant has now filed a motion to reconsider and motion for the Court to accept the appellant brief instantor. (Doc. 15).

Appellant does not specify whether it brings its motion to reconsider/alter judgment pursuant to Rule 59(e) or 60(b). Both rules govern post-judgment motions attacking a district court's decision.

Under Rule 59(e), "[a] court may grant a motion to alter or amend judgment only if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Collins v. Ford Motor Credit Com.*, No. 5:12cv2677, 2012 U.S. Dist. LEXIS 180956, at *2 (N.D. Ohio Dec. 21, 2012).[3]

---

[2] **Here, in *toto*, counsel had 77 days to file the appellant brief from the date it filed the notice of appeal.**

[3] S*ee also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [motions under Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued [and] must either clearly establish a manifest error of law or must present newly discovered evidence.").

2

Rule 60(b) establishes that upon motion "the Court may relieve a party or a party's legal representative from final judgment, order, or proceeding" for specific reasons. For Rule 60(b) purposes, "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 394 (1993). In *Pioneer*, the Supreme Court set forth the following factors for determining whether neglect is excusable: (1) the danger of prejudice to [the non-moving party], (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) and whether the movant acted in good faith." *Id.* at 395.[4]

The Court finds that Appellant fails to meet the requisite criteria pursuant to either Rule 59(e) or 60(b). At best, counsel describes an over-crowded work schedule without providing any basis for concluding that extraordinary circumstances or excusable neglect led to or contributed to the problem. The circumstances Appellant's counsel describes frequently arise for litigators, and do not by themselves constitute extraordinary circumstances sufficient to justify the present request for reconsideration.

---

[4] "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998).

"A lawyer shall act with reasonable diligence and promptness in representing a client." Rule 1.3, Ohio Rules of Professional Conduct (effective Feb. 1, 2007).[5] To accomplish this, "[a] lawyer must control the lawyer's work load so that each matter can be handled competently." *Id.* (Official Comment 2).[6]

Despite *four* extensions of time, and repeated warnings that no additional extensions would be entertained, Appellant failed to file the appellant brief as required. Appellant willfully disregarded multiple Orders of this Court to timely file the appellant brief. For example, despite express language that "no additional extensions will be granted," counsel nonetheless filed two additional motions for extension of time. Moreover, counsel was warned that "[w]hile the Court prefers to decide cases on the merits, failure to abide by this Order may result in dismissal of the appeal." (2/1/13 Notation Order).

A pattern of failing to meet deadlines or failing to apply for an extension before the deadline has passed is considered misconduct. *See* ABA Standard 9.22(c). The failures here indicate a complete lack of professionalism both to opposing counsel, the

---

[5] "[T]he Ohio Rules of Professional Conduct govern in this district." *Big Idea Co. v. Parent Care Res.*, No. 2:11-cv-1148, 2012 U.S. Dist. LEXIS 131239, at *7 (S.D. Ohio Sept. 14, 2012); *see also* S.D. Ohio Civ. R. 83.3(h) and Rule IV(B), Model Federal Rules of Disciplinary Enforcement ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the highest court of the state in which this Court sits…").

[6] It is clear from the motion for reconsideration that counsel has failed to manage his caseload in such a manner as to competently represent his client. Moreover, it appears to be a pattern and practice with counsel. In many of the cases Appellant's counsel has filed in this District, he has sought repeated extensions of time, even after admonitions from the Court that no further extensions will be permitted. *See, e.g., Taylor v. W. S. Fin. Group*, 3:12cv332; *Fujitrans USA v. Barko Enter., Inc.*, 3:12cv419; *Fowlkes v. United States Nat'l Archive & Records Admin.*, Case No. 3:09cv6, Doc. 13. *See also Campbell v. Clark Cnty. Sheriff's Dep't*, 3:09cv435, Doc. 42.

Civil Rules that govern our profession, and the Court.  Granting Appellant's motion would, in essence, undermine the importance of our Rules and their import in all subsequent cases.

"Although attorney carelessness can constitute excusable neglect[], attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."  *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).  Here, there is no reasonable basis to excuse the number of times that counsel ignored the deadlines.  It is well-established that motions for reconsideration "[d]o not provide a vehicle for a party to undo its own procedural failures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).  In sum, counsel's neglect of this case is not excusable.  Thus, Appellant's motion for reconsideration is unavailing and the judgment stands as entered.  *Easley*, 392 F.3d at 697-98 (finding that plaintiff's counsel's failure to comply with motions deadlines was not excusable neglect).  Gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence.  *B&D Partners v. Pastis*, No. 05-5954, 2006 U.S. App. LEXIS 11901, at *3 (6th Cir. May 9, 2006).

Accordingly, Appellant's motion for reconsideration and motion for leave to accept brief instantor (Doc. 15) is **DENIED,** and this Court and reaffirms its **DISMISSAL** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders.

**IT IS SO ORDERED**.

Date:  March 4, 2013                                                              *s/ Timothy S. Black*
                                                                                                    Timothy S. Black
                                                                                                    United States District Judge